## Commonwealth v. Tarilla

*Mitchell Jenkins* and *Joseph Saporito*, assistant district attorneys, for Commonwealth.

*Louis G. Feldman* and *Frederic R. Gallagher*, for defendant.

PINOLA, J., February 6, 1950.—Defendant, who is charged with having on or about October 1, 1948, received $2,000 from Anna Nocchi and having converted it to his own use, moves to quash the indictment because the information on which it is based is insufficient.

A certified copy of the information reveals that on the oath of Anthony Nocchi, "Vincent Tarilla stands charged with extortion, false pretense, larceny by trick, contrary to the act of assembly in such case made and provided".

This information, in our opinion, is not sufficient. However, defendant does not complain on that ground. In fact, he expressly waives that objection. He contends, however, that the charge of fraudulent conversion is entirely foreign to extortion, false pretense and larceny by trick.

We agree that the district attorney must be vested with some discretion as to the manner and form of laying offenses in the indictment. However, he must set out in the bill the charge for which the arrest was made and upon which the hearing was had.

There is absolutely no connection between extortion and fraudulent conversion.

By false pretense the alderman no doubt meant the obtaining of property by false pretense. There is no connection between that and fraudulent conversion.

Larceny by trick results when the owner of property is induced to part with possession only, still meaning to retain the right of property. In such case the taking by means of trickery or artifice amounts to larceny if done animo furandi.

In larceny the criminal intent must exist at the time of taking the property and it must be taken with intent to deprive another thereof. In fraudulent conversion the taker receives the property, intending at the time a compliance with the owner's wishes and he afterward fraudulently appropriates the property to his own use.

The offense of fraudulent conversion was created to cover borderline cases between embezzlement and larceny by bailee: Pearl Assurance Company, Ltd., v. National Insurance Agency, Inc., et al., 151 Pa. Superior Ct. 146.

Accordingly, the motion to quash the indictment is sustained.